# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **D.B.-1, S.B., and O.B.**

**No.) 18-0053** (Kanawha County 17-JA-359, 360, and 361)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.B.-2, by counsel Adam Campbell, appeals the Circuit Court of Kanawha County's December 27, 2017, order terminating his parental rights to D.B.-1, S.B., and O.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Elizabeth Kavitz, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2017, the DHHR filed a petition alleging that petitioner and the mother abused controlled substances, physically abused the children, and psychologically abused the children. Specifically, S.B. reported to the DHHR that her father recently choked her and O.B. had to physically intervene to protect her. S.B. reported that her parents had crushed and snorted pills in front of her and that she found what she believed to be a package of methamphetamine in her mother's coat. Further, S.B. reported that her parents constantly tell her that she is hated and that they wished she was in foster care. O.B. corroborated S.B.'s reports. Both girls indicated that they were afraid of their parents. Reportedly, D.B.-1 no longer lived with her parents. She

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because petitioner and one of the children share the same initials, we refer to petitioner as D.B.-2 and the child as D.B.-1 throughout this memorandum decision.

made an earlier referral to the DHHR and then moved to Mingo County to live with a friend.[2] Petitioner waived his preliminary hearing in September of 2017.

The circuit court held an adjudicatory hearing in October of 2017, during which petitioner stipulated to the allegations in the petition and admitted that his drug use impaired his ability to parent the children. Petitioner moved for a post-adjudicatory improvement period and the circuit court denied his motion. The circuit court ordered that the DHHR provide reunification services to petitioner and required the following: random drug screens, visitation pending clear drug screens, parenting education, adult life skills education, domestic violence counseling, a psychological evaluation, and a bus pass. Additionally, the circuit court ordered the DHHR to assist in finding an inpatient drug rehabilitation service for petitioner.

In December of 2017, the circuit court held a dispositional hearing. The circuit court took judicial notice of a drug screen that petitioner provided at an earlier hearing, which was positive for amphetamine and methamphetamine. The DHHR presented evidence that petitioner was provided with adult life skills education, parenting classes, and drug screens. However, petitioner only sporadically participated in those services. A DHHR worker testified that petitioner had tested positive on random drugs screens and failed to call in for random drug screens on multiple occasions. Additionally, the worker testified that petitioner attended some classes, but showed no signs of improvement. The worker also noted that because petitioner was not participating in random drug screening he had not visited with the children since their removal. Further, the worker testified that none of the children expressed an interest in being returned to their parents' custody. Petitioner admitted that he continued to test positive for drugs, failed to fully participate in drug screening, and failed to be admitted to an inpatient drug rehabilitation service. Petitioner stated that he no longer associated with his wife and asserted that she clouded his judgment while they were together.

Ultimately, the circuit court found the following: petitioner's substance abuse and domestic violence prevented him being an appropriate parent; petitioner had not been compliant with all services; petitioner continued to test positive for drugs and failed to call in for drug screens; petitioner had not visited with the children during the pendency of the case; and the DHHR could not provide any further services to remedy the conditions of abuse and neglect in the foreseeable future. Based on these findings, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination was in the best interest of the children. The circuit court then terminated petitioner's parental rights to the children in its December 27, 2017, order.[3] Petitioner

---

[2]The petition does not mention the content of D.B.-1's referral, but does mention that no action had been taken on it.

[3]The mother's parental rights were also terminated in that order. According to the parties, the children are placed together in a foster home and their permanency plan is adoption in that home.

now appeals that order arguing only that the circuit court should have granted his motion for an improvement period.[4]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

Petitioner's only assignment of error is that the circuit court erred in not granting him an improvement period. Petitioner asserts that the circuit court's decision denied him an opportunity to improve his parenting deficiencies by denying his motions for post-adjudicatory and post-dispositional improvement periods.[5] Further, petitioner argues that testimony at the hearings in this matter suggested he took some steps to remedy the conditions of abuse and neglect, such as participation in some drug screens and classes, and disassociation from his wife. Therefore, petitioner argues that the circuit court's decision is contrary to the evidence presented. We disagree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely

_____

[4]On appeal, petitioner does not raise an assignment of error regarding the circuit court's termination of his parental rights.

[5]Although petitioner asserts on appeal that he moved for a post-dispositional improvement period, the record does not include that motion and he does not cite to any such motion in the record.

to fully participate in the improvement period . . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

The circuit court did not err in denying petitioner's motion for an improvement period because he did not present clear and convincing evidence that he was likely to "fully participate" in an improvement period. The record is clear that petitioner was provided multiple services from October of 2017 through December of 2017, including supervised visitation with the children if petitioner could provide negative drug screens. Despite knowing that he could not use drugs and also visit with his children, petitioner continued to test positive for drugs and failed to call in for screens so consistently that he was never allowed visitation with them. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90, n.14, 479 S.E.2d 589, 600, n.14 (1996)(citing *Tiffany Marie S.*, 196 W.Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Further, petitioner's participation in classes was sporadic and, according to the DHHR, he made no improvement in his parenting. Although petitioner asserts that the evidence below suggested he could remedy his issues, the record shows petitioner alone asserted that opinion. No other witnesses supported the position that he could improve. Finally, petitioner argues that he disassociated from his wife and believes that was a positive step. However, petitioner could not describe any way that his wife actually hindered his progress in services, and the DHHR did not see an issue in the parents remaining together. Petitioner needed to address his drug use and presented no evidence that he could do so. Accordingly, we find that the circuit court did not err in denying petitioner's motion for an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 27, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker